

**FILED**
**Oct 23, 2019**
**11:38 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **KELLY GAUTREAUX,** | ) | **Docket No. 2018-06-0366** |
| | ) | |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 11346-2017** |
| | ) | |
| **HERMITAGE HALL,** | ) | |
| | ) | **Judge Joshua D. Baker** |
| **Employer.** | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

On October 8, 2019, the Court convened an expedited hearing where Ms. Gautreaux sought treatment from either Nashville-area psychiatrist Dr. Greg Kyser or a panel of psychiatrists within her community from whom she could select a psychiatrist. Hermitage Hall argued that Ms. Gautreaux is not entitled to treatment, and even if she were, it already offered her a panel of psychiatrists. For the reasons below, the Court orders Hermitage Hall to provide Ms. Gautreaux psychiatric treatment with Dr. Kyser.

### History of Claim

The Court detailed this claim's history in its previous expedited hearing order and only recounts the facts that are central to resolving the present dispute.

In that order, which Hermitage Hall appealed and the Appeals Board affirmed, the Court ordered Hermitage Hall to provide Ms. Gautreaux psychiatric care as recommended by the authorized treating physician, Dr. Strickland. Although Hermitage Hall had offered the opinion of neurologist Dr. Steven Graham, who believed it "unlikely" that Ms. Gautreaux had a work-related injury, the Court rejected that opinion based its decision on a recommendation from Dr. Strickland, and on the opinion of Dr. Kyser, a psychiatrist.

Dr. Strickland recommended that Ms. Gautrtreaux stay off work "until seen by psychiatry" and further recommended she see two see two specific "post-concussion experts." He also wrote that he would defer to those experts concerning her permanent impairment and date of maximum medical improvement.

Dr. Kyser, whom Ms. Gautreaux saw for an evaluation, deemed her condition work-related and explained that previous concussions she suffered as a college athlete left her susceptible to "worsening symptoms" and a "higher risk of developing long-term difficulties from another concussion." He also believed she should remain off work until receiving psychiatric care.

In an attempt to comply with the Court's order, Hermitage Hall searched for psychiatrists in Ms. Gautreaux's community but alleged difficulty finding any that accepted workers' compensation. So ten days after the Appeals Board remanded the case, the Court approved a joint request allowing Hermitage Hall an additional fifteen days to comply.

Approximately two weeks after the Court granted additional time, Hermitage Hall provided Ms. Hall a panel of three psychiatrists who practiced outside the Nashville area. One practiced in Memphis, another in Oak Ridge, and the third in Cleveland, Tennessee. Ms. Gautreaux did not select a psychiatrist from the panel because she questioned the panel's validity due to the absence of psychiatrists in her community. She filed a request for expedited hearing over the disputed panel.

Approximately one month after she filed her request, Hermitage Hall sent a letter to Dr. Strickland asking his opinion on Ms. Gautreaux's need for psychiatric care or evaluation in light of her "ability to play tennis, paddleboard, attend loud concerts with flashing lights, and ride in cars for long distances[.]" Dr. Strickland said she needed neither care nor evaluation but did not examine her before giving that opinion.[1]

When Ms. Gautreaux testified at the expedited hearing, counsel for Hermitage Hall asked her many questions about her activities since the last hearing, focusing mainly on paddle boarding, tennis, and a car trip to Detroit to see a concert. On paddle boarding, Ms. Gautreaux admitted she tried one time but was unable to stand and paddle. Instead she was forced to lie down on the board and float on the lake. She also admitted playing tennis once with her father as a bonding opportunity. Concerning the road trip to Detroit, Ms. Gautreaux said that the trip was extremely hard on her and that she cried often. She further admitted that the concert had lots of flashing lights and loud music but said she was far away from the stage, spent most of the time in her seat, and could not enjoy the experience because of anxiety.

---

[1] Upon receiving this opinion, Hermitage Hall terminated Ms. Gautreaux's temporary disability benefits.

Aside from this testimony, Ms. Gautreaux's remaining testimony coincided with her testimony from the previous expedited hearing. She said she is still unable to work, has difficulty riding in a car for even short periods of time, and is rarely able to engage socially. She cried a lot during her testimony and appeared to be very tired, sometimes leaning her head against the side of the bench as she sat in the witness box. She said she spends the majority of her time in her apartment in bed.

Concerning care since the last hearing, Ms. Gautreaux said she continued to see her private psychiatrist in New Orleans for medication management but received no care from him for the workplace condition. When asked why she had not sought care on her own, she said she did not think the Workers' Compensation Law would allow her to do that.[2]

## Findings of Fact and Conclusions of Law

Ms. Gautreaux seeks either a panel of psychiatrists within her community or appointment of Dr. Kyser as her authorized treating physician. She need not prove every element of her claim by a preponderance of the evidence to receive relief. Instead, she must present sufficient evidence showing that she would likely prevail at a final hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds she carried this burden and orders Hermitage Hall to provide treatment with Dr. Kyser.

In this expedited hearing, Hermitage Hall raised two defenses for its failure to abide by the Court's order: (1) Dr. Strickland rescinded his recommendation that Ms. Gautreaux receive psychiatric care; and (2) it could not assemble a panel in Ms. Gautreaux's community because no psychiatrists in Nashville would agree to treat her. The Court finds neither persuasive.

Regarding the first defense, Hermitage Hall asserts that Dr. Strickland has rescinded his recommendation for psychiatric treatment so it no longer has to provide the treatment. The Court disagrees.

Hermitage Hall presented a second letter from Dr. Strickland where he rescinded his previous treatment recommendation after being presented with conclusory statements from counsel about Ms. Gautreaux's current condition. The record does not reveal he examined or even spoke with her before offering this new opinion. Although Dr. Strickland is the authorized treating physician and his treatment recommendations are presumed correct, the Court questions the probative weight it should assign the

---

[2] Ms. Gautreaux participated in a therapy program at Vanderbilt from August to October, 2018. Her participation occurred before the last hearing, but the parties did not present the records until this hearing.

recommendation, as Dr. Strickland appears to have proffered it without inquiring of Ms. Gautreaux regarding the details of the activities he considered. S*ee* Tenn. Code Ann. § 50-6-204(3)(H).

Furthermore, Dr. Strickland relied in part on Dr. Graham's opinion when changing his recommendation. As stated before, this Court specifically credited Dr. Kyser's opinion over Dr. Graham's, so Dr. Strickland's reliance on Dr. Graham's opinion only weakens his latest opinion.

In the end, because Dr. Strickland rescinded his recommendation for psychiatric care, it puts his opinion directly at odds with Dr. Kyser's. When faced with conflicting opinions from two physicians, "it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." In making that determination, the Court may consider, "the qualifications of the experts, the circumstances of their evaluation, the information available to them, and the evaluation of the importance of that information by other experts." *See Darraj v. McKee Foods Corp.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *13-14 (Jan. 17, 2017). Here, the Court finds the pertinent factors all mitigate in favor of the opinion of Dr. Kyser that Ms. Gautreaux requires psychiatric treatment for her work-related injury.

Most importantly, Dr. Kyser is a psychiatrist, so the Court considers his opinion on the necessity of psychiatric treatment more informed than Dr. Strickland's. He also examined Ms. Gautreaux more recently than Dr. Strickland, so his information was more current. Finally, Dr. Strickland made his opinion upon consideration of summary statements from defense counsel without confirming their veracity. Therefore, the Court credits Dr. Kyser's opinion on necessary treatment over Dr. Strickland's.

Concerning the second defense, for a panel to be valid, the providers cannot practice further than 125 miles from the employee's home. *See* Tenn. Code Ann. § 50-6-204(a)(3)(B). The panel provided to Ms. Gautreaux contained psychiatrists who practice more than 125 miles from her home. Thus, the Court finds that the panel is invalid, and despite Ms. Gautreaux's responsibility to accept the medical care provided by the employer, the Court holds she had no duty to select a physician from the panel. Further, requiring someone in her condition to ride for hours in a car for treatment is not feasible or effectual, as she testified about the negative effects of the long trip to Detroit and said that even short trips are difficult.

Almost one year ago, the Court ordered Hermitage Hall to provide Ms. Gautreaux psychiatric treatment. Hermitage Hall attempted to assemble a valid panel but failed. When it failed to provide a valid panel, it attempted to "undo" Dr. Strickland's treatment recommendation. Under these circumstances, with Hermitage Hall's failure to abide by this Court's order and the prolonged effect it has had on Ms. Gautreaux, the Court

4

appoints Dr. Kyser as the authorized treating physician and orders Hermitage Hall to provide Ms. Gautreaux treatment with Dr. Kyser until she is released.

Additionally, the Court refers Hermitage Hall to the compliance program for consideration of assessment of a civil penalty under Tennessee Code Annotated section 50-6-118(a) for its failure to timely abide by this Court's order. Although Hermitage Hall tried after the Appeals Board's decision to abide by the order, those efforts fell short and arrived untimely. As mentioned above, the Court ordered Hermitage Hall to provide this care almost a year ago.

It is **ORDERED** as follows:

1. Hermitage Hall shall provide Ms. Gautreaux psychiatric care with Dr. Kyser.

2. Hermitage Hall is referred to the Bureau's compliance program for consideration of assessment of civil penalty for its failure to comply with this Court's December 11, 2018 expedited hearing order.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON OCTOBER 23, 2019.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

5

# APPENDIX

**Exhibits:**

1. Medical Records
2. Declaration of Ms. Gautreaux
3. Panel
4. Questionnaire Response from Dr. Strickland

**Technical Record:**

1. Request for Expedited Hearing filed August 13, 2019
2. Dispute Certification Notice
3. Petition for Benefit Determination
4. Expedited Hearing Order entered December 11, 2018

## CERTIFICATE OF SERVICE

I certify that a correct copy of this Expedited Hearing Order was sent as indicated on October 23, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Zachary Wiley, Employee's Attorney | | | X | zwiley@forthepeople.com rforrest@forthepeople.com |
| Chris Brooks, Greg Fuller; Employer's Attorneys | | | X | crbrooks@mijs.com ghfuller@mijs.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing        $ _____ per month

Gas              $ _____ per month     Child Care      $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____      (FMV) _____

Other                   $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                          RDA 11082